DUAL OFFICE HOLDING
The acceptance of a position of a clerical nature under the direction and control of the county commissioners by an elected city treasurer and the appointment as a motor license agent by the duly elected city clerk are not in violation of the dual office holding prohibition in 51 O.S. 6 [51-6] (1971). (Tag Agent) The Attorney General is in receipt of your letter wherein you request an opinion from this office on the following two questions: "1. May the duly elected city treasurer of a town while performing his duties also work for the county commissioners in ordering truck and tractor parts and other clerical items ? "2. May the duly elected city clerk of a town accept an appointment as the local tag agent?" The answer to both questions requires the construction of Oklahoma's dual office statute, 51 O.S. 6 [51-6] (1971) which provides: "Except as may be otherwise provided, no person holding an office under the laws of this State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office, under the laws of the State, provided that the provisions of this section will not apply to notaries public and members of the Textbook Commission." Certainly both a town treasurer or clerk are public officers as provided for by the Legislature in Title 11 O.S. 23 [11-23](b) (1971). The duties of town treasurer are set forth in part by 11 O.S. 1026 [11-1026] (1971) and some of the duties of the city clerk are set forth in 11 O.S. 1028 [11-1028] (1971). The question remains as to whether employment by the county commissioners in clerical work or any work under the direction and control of the county commissioners is occupying an "office" which is prohibited by the above quoted statute. The Oklahoma Supreme Court in the case of Farley v. Board of Education of the City of Perry,62 Okl. 181, 162 P. 797, in construing whether or not the superintendent of school was occupying an "office" stated: "The duties of an officer are fixed by law, and employment arising out of a contract, whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon the terms of such contract, is not an office." Therefore the city treasurer, if he is employed by the county commissioners and acts only under their direction and control upon such clerical matters as indicated in the question, would not be occupying an office and would not be in violation of 51 O.S. 6 [51-6] (1971). As to your second question concerning the city clerk and whether he is able to accept appointment while city clerk as the local tag agent we must turn to the statutes creating and authorizing the local tag agent found at 47 O.S. 22.22 [47-22.22] (1971). "The Tax Commission when it deems such to be necessary shall appoint Motor License Agents in any county of this State, to assist in the enforcement and administration of this Act and acts amendatory thereof or akin thereto. Such agents shall be self-employed independent contractors, under the supervision of the Tax Commission. Any such agent upon being appointed shall furnish and file with the Commission a bond in such amount as may be fixed by said Commission. Such agent shall be removable at the will of the Commission. Such agent shall perform all duties and do such things in the administration of the laws of this State as shall be enjoined upon and required of him by the Commission." (Emphasis added) It must be determined from this statute whether or not the appointment of a motor license agent is the appointment of a person to an office as contemplated by the Legislature. The underlined portion of the above statute was added by amendment in 1963. Prior to this amendment the following Attorney General's opinions were issued construing the above statute in connection with what is now 51 O.S. 6 [51-6] (1971): February 21, 1949, addressed to the Honorable J. Russell Swanson, County Attorney of Blaine County; March 19, 1953, addressed to the Honorable Oliver Hodge, State Superintendent of Public Instruction and November 18, 1955, addressed to the Honorable Joe Looney, County Attorney, Seminole County. All of these opinions reached the conclusion that an appointed motor license agent was not an officer or deputy of an officer as contemplated by what is now 51 O.S. 6 [51-6] (1971). The addition of the sentence, "Such agents shall be self-employed independent contractors, under the supervision of the Tax Commission." merely adds strength to the conclusions reached in the prior Attorney General's opinions which are hereby affirmed. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: The city treasurer may accept a position with the county commissioners as long as that position is that of an employee who is performing only those duties and clerical responsibilities assigned to him by the county commissioners. The answer to your second question is as follows: The city clerk may accept an appointment as the local tag agent. (James H. Gray) See: Opinion No. 91-578 (1991) See: Opinion No. 91-575 (1991)